UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH KARL WILLIAMS,

       Petitioner,

v.                                                 Case No. 11-cv-14346
                                                 Honorable Nancy G. Edmunds

MICHIGAN COURT OF APPEALS,

       Respondent.

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I. INTRODUCTION

This is a case brought by a Michigan Prisoner seeking declaratory relief. Kenneth Karl Williams,[1] a state prisoner currently incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility in Adrian, Michigan, filed the pending "Motion for Declaratory Judgment," on October 3, 2011, asking the Court "to resolve the controversy as to whether Michigan Court of Appeals judge, Christopher M. Murray violated the statutory provisions prescribed by Michigan Court Rules [] 3.303(D)(1)(B), [] 2.111(C)(1)(2)(3)(D)(E)(1) and [] 2.116(C)(9)." Motion, 1. On September 15, 2010, Williams filed a Complaint for Writ of Habeas Corpus under Michigan Court Rule 3.303, *et seq.*, with the Michigan Court of Appeals, alleging that there was a radical defect in the convicting court's jurisdiction to try him for the crimes for which he was convicted. The Complaint was returned to him because he failed to file the filing fee. Williams refiled his

---

[1] Williams refers to himself as the Plaintiff in this action. However, the Clerk of the Court docketed the case as a Petition for Writ of Habeas Corpus. The action before the Court is in actuality a "Motion for Declaratory Judgment." For purposes of this Opinion, the Court will refer to Williams as the Petitioner.

Complaint, along with a partial filing fee. Subsequently, the Court of Appeals denied his Complaint. He now asks this Court to intervene in that action.

Pursuant to the Michigan Department of Corrections's website, Williams was convicted in 1993 of two counts of first degree murder, for which he was sentenced to life imprisonment.

For the reasons stated, the Court will deny Williams's motion.

## II. BACKGROUND

Williams has filed numerous habeas petitions, which have been denied or transferred to the Sixth Circuit as second or successive habeas petitions. *See Williams v. Smith*, No. 00-CV-60335 (E.D. Mich. May 22, 2001) (denied because petition filed beyond the applicable statute of limitations); *In re Kenneth Karl Williams*, No: 04-1170 (6th Cir. Oct. 12, 2004) (denied as a successive petition); *Williams v. Booker*, No. 05-CV-72794 (E.D. Mich. Aug. 11, 2005) (petition dismissed); *Williams v. Booker*, No. 06-CV-10787 (E.D. Mich. Mar. 7, 2006) (petition transferred to Sixth Circuit as successive petition); *In re Kenneth Karl Williams*, No: 06-1322 (6th Cir. May 4, 2006) (dismissed for want of prosecution); *Williams v. Caruso*, No. 06-CV-11739 (E.D. Mich. June 20, 2006) (district court transferred the matter to the Sixth Circuit Court of Appeals as successive petition); *In re Kenneth Karl Williams*, No: 06-1854 (6th Cir. Aug. 10, 2006) (dismissed for want of prosecution); *Williams v. Booker*, No. 06-CV-14527 (E.D. Mich. Nov. 1, 2006) (district court again transferred the matter to the Sixth Circuit Court of Appeals stating that due to the prior filing and dismissal of *Williams v. Smith*, No. 00-CV-60335 (E.D. Mich. May 22, 2001), Williams must obtain authorization from the Sixth Circuit Court of Appeals in order to file a second or successive petition); *In re Kenneth Karl Williams*, No: 06-2602 (6th Cir. Mar. 31, 2007) (dismissed for

want of prosecution); *Williams v. Romanowski*, No. 07-CV-12897, 2008 WL 3913958 (E.D. Mich. Aug. 19, 2008) (transferred to Sixth Circuit as successive petition); *In re Kenneth Williams*, 08-2097 (6th Cir. Apr. 30, 2009) (denied successive as petition).

Williams has now filed the pending declaratory judgment motion.

### III.  DISCUSSION

Williams relies upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201, for support in his position.  Williams's reliance on the Declaratory Judgment Act is misplaced, because it is not an independent source of federal jurisdiction.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  Declaratory relief is not available in federal court to attack a state criminal conviction and cannot be used as a substitute for an appeal or a petition for writ of habeas corpus.  *Ruip v. Commonwealth of Ky.*, 400 F.2d 871, 872 (6th Cir. 1968) (quoting *Forsythe v. State of Ohio*, 333 F.2d 678, 679 (6th Cir.1964)).  A party may invoke the Declaratory Judgment Act only if the court already has jurisdiction.  *See Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003); *see also Long v. Commonwealth of Ky.*, No. 4:10CV-P107-M, 2011 WL 321732 (W.D. Ky. Jan. 28, 2011) (same).  Accordingly, Williams cannot invoke the Declaratory Judgment Act as the "primary vehicle" for this Court's jurisdiction.

Moreover, Williams's claims are all state law claims.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts.  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).  Williams's claim that the state trial court lacked jurisdiction over his criminal case raises an issue of state law, because it questions the interpretation of Michigan law.

### IV.  CONCLUSION

For the reasons stated, the Court **DENIES** Williams's "Motion for Declaratory Judgment," which was docketed in this Court as a "Petition for Writ of Habeas Corpus" [dkt. # 1].

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager